[Civ. No. 7999. Fourth Dist., Div. One. Oct. 28, 1966.]

J. C. O'CONNOR, as Sheriff, etc., Plaintiff and Respondent, v. CREDIT BUREAU OF SAN DIEGO, INC., et al., Defendants and Respondents; SOUTHERN ADJUSTMENT BUREAU, INC., Defendant and Appellant.

Murry Luftig for Defendant and Appellant.

Bertram McLees, Jr., County Counsel, and Duane J. Carnes, Deputy County Counsel, for Plaintiff and Respondent.

Walkoe, Dierdorff & Pyle and Ross M. Pyle for Defendants and Respondents.

BROWN, P. J. — Southern Adjustment Bureau, Inc., (Southern) appeals from a judgment, following a trial of a declaratory relief action, ordering J. C. O'Connor, Sheriff of San Diego County, to deliver a sheriff's deed to certain real property to Carl W. Williams, assignee of Credit Bureau of San Diego, Inc. (Credit Bureau).

Southern took an assignment of a judgment from a creditor of White. White's property had been levied upon and purchased at a sheriff's sale by another judgment creditor, Credit Bureau. Two days before the redemption period of one

year elapsed Southern sought to redeem the property, using language in part as follows: ''We hereby offer and tender all sums . . . required . . . to effect redemption. . . . Kindly advise us the exact amount due . . . and we will promptly furnish said sum . . .''

At best this was a mere offer of tender; there was no actual presentation or tender of money.

Code of Civil Procedure, section 702 provides a ''. . . redemptioner . . . may redeem the property from the purchaser . . . on paying the purchaser the amount of his purchase . . .''

Payment or tender of payment rather than offer of tender is thus contemplated. Here the amount due could be determined with sufficient mathematical precision. (Code Civ. Proc., § 702.)

Southern did not comply with the statutory requirement. The trial court properly concluded that no redemption took place.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 21, 1966.