[Civ. No. 8145.   Fourth Dist., Div. One.   Jan. 4, 1967.]

MAX M. LICHTY, Plaintiff and Appellant, v. RICHARD E. ADAMS, Defendant and Respondent.

Murry Luftig for Plaintiff and Appellant.

Hoy, Adams & Muhleman and Wayne V. Hoy for Defendant and Respondent.

BROWN (Gerald), P. J.—Max M. Lichty appeals from a declaratory relief judgment denying, in effect, his claim of ownership to real property.

In September 1963, Richard Adams' assignor, Russell Coon, a judgment creditor of Myra Stall, levied upon and purchased at sheriff's sale Stall's real property. In May 1964, Southern Adjustment Bureau (Southern) filed an action against Stall, served process by publication, and attached the land sold at the sheriff's sale to Coon. Southern's affidavit for order for publication of summons, signed by Southern's president, Max M. Lichty, declared Lichty, although having used due diligence, could not find Stall in this state or elsewhere. The order for publication recites ''Stall is not within the State of California.'' Southern informed Coon it would not execute upon the attached land; obtained a default judgment of $190.62 ($113.55 plus interest and costs); and assigned the judgment to Lichty. Lichty recorded the judgment and on August 17, 1964, delivered to the sheriff a letter reciting: ''I hereby redeem from said execution sale and do hereby offer and tender you the amount . . . [to] which the purchaser may be entitled by statute.

''Kindly inform me of the exact amount necessary, and I will remit same to you . . . .''

On August 20, 1964, Adams deposited $192.62 in Lichty's name in the United States National Bank and notified Lichty of the deposit. On August 27, 1964, Lichty paid the redemption money to the sheriff.

Lichty contends the trial court erred in determining Southern's judgment is void and Lichty is not a redemptioner. ▮ Irrespective of the validity of Southern's judgment, i.e., assuming without holding that as of August 17, 1964, Lichty held a valid, recorded judgment, a lien subsequent, entitling him to redeem (Code Civ. Proc., § 701), Lichty's efforts to redeem were ineffective. Lichty's August 17, 1964, offer to pay when informed the exact amount due did not effect redemption at that time. Code of Civil Procedure, section 702 provides a ''. . . redemptioner . . . may redeem the property from the purchaser . . . on paying the purchaser the amount of his purchase. . . .'' Payment or tender of payment rather than offer to pay in the future is thus contemplated (*O'Connor v. Credit Bureau of San Diego*, 245 Cal.App.2d 984 [54 Cal. Rptr. 405].)

▮ On August 27, 1964, when Lichty did pay he was no longer ''a creditor having a lien by judgment'' (Code Civ.

Proc., § 701) entitling him to redeem. Adams' deposit on August 20, 1964, had extinguished the lien by satisfying the underlying judgment obligation. (Civ. Code, §§ 2909 and 1500.)

Judgment affirmed.

Coughlin, J., and Finley, J. pro tem.,* concurred.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.